UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY J. SMITH #482352,

        Plaintiff,

v.

UNKNOWN GOOSTREY, et al.,

        Defendant.

_____/

Hon. Paul L. Maloney

Case No. 1:22-cv-00753-PLM-PJG

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 59).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility in Ionia, Michigan.   The events giving rise to this action, however, occurred at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan.   Plaintiff initiated this lawsuit against six individuals employed at LRF.   (ECF No. 1).   Plaintiff's Complaint (ECF No. 1) was dismissed on screening.   (ECF No. 11).   Following Plaintiff's appeal, the Sixth Circuit affirmed in part, concluding that Plaintiff's First Amendment retaliation claims against four Defendants were improperly dismissed.   (ECF No. 18).   Plaintiff subsequently amended his complaint to add state law claims.   (ECF No. 22).   The Court then dismissed two Defendants on the grounds that Plaintiff had failed to properly exhaust

his administrative remedies.   (ECF No. 42, 45).   At this juncture, all that remain are Plaintiff's retaliation-by-segregation claims against Defendants Goostrey and Johnson, and Plaintiff's state gross-negligence claim.   Defendants now move for summary judgment.   Plaintiff has responded to the motion.   The Court finds that oral argument is unnecessary.   *See* W.D. MICH. LCIVR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence," establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### 1.  Retaliation

To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage

in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct.   *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

Plaintiff was placed in temporary segregation on December 8, 2021, after he fought with another inmate.   Plaintiff alleges that Defendants kept him in segregation longer than was mandated in retaliation for a grievance Plaintiff submitted against Defendant Goostrey on October 5, 2021, which alleged that Defendant Goostrey interfered with Plaintiff's legal mail, and because Plaintiff refused to provide information on drug smuggling at LRF.   Plaintiff asserts that "confinement to segregation housing extremely exacerbate[d] his [pre-existing] mental health condition."   (ECF No. 22). Even if the Court assumes that Plaintiff can satisfy the first two elements of these claims, Plaintiff's claims fail because he cannot demonstrate the requisite causal connection.

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence."   *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012).   Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken.   *Thaddeus-X*, 175 F.3d at 399 (citations omitted).   Conclusory allegations of retaliatory motive are insufficient.   *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which

-4-

retaliation can plausibly be inferred.    *See Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977).    *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff must first present evidence that his protected conduct was a motivating factor in the defendant's action.    Even if Plaintiff makes this showing, Defendants are entitled to summary judgment if they demonstrate that he "would have taken the same action even without the protected activity."    *Eby*, 481 F.3d at 441-42.    Moreover, as the Supreme Court has held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury.    Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive."    *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019).    Moreover, if Defendants demonstrate that they "would have taken the same action in the absence of the protected activity, [they are] entitled to prevail on summary judgment."    *Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018).

In support of their motion for summary judgment, Defendants have submitted, *inter alia*, the following evidence.    Plaintiff filed a Step I grievance on October 5, 2021, alleging that Defendant Goostrey interfered with Plaintiff's legal mail, which was rejected on the grounds that Defendant Goostrey followed the prisoner-mail policy.

(ECF No. 35-3 at PageID.177).   Plaintiff's Step II and Step III grievances were also rejected.   (ECF No. 174-176).   On October 19, 2021, Plaintiff was examined by Health Care.   (ECF No. 60-2 at PageID.277).   Plaintiff alleged that he had been stabbed (ECF No. 60-3 at PageID.321), but an examination revealed "superficial scratches" to his shoulder (ECF No. 60-2 at PageID.277).   In "late October, mid-November, 2021," Plaintiff spoke with a prison counselor, requesting transfer to a new facility because of "safety concerns."   (ECF No. 60-3 at PageID.328-29).   According to Plaintiff, the prison counselor contacted Defendant Johnson about Plaintiff's request, and Defendant Johnson purportedly wanted information on drug smuggling in exchange for the transfer, but Plaintiff refused.   (ECF No. 60-3).

On December 8, 2021, Plaintiff was transferred to temporary segregation for exchanging punches with another inmate.   (ECF No. 60-6 at PageID.354-55). Following an administrative hearing, Plaintiff was found guilty of fighting, a Class I misconduct.   (*Id*.).   In light of this, the Security Classification Committee (SCC) increased Plaintiff's security classification from Level II to Level IV and decided to transfer Plaintiff to another MDOC facility.   (ECF No. 60-9 at PageID.383).   On December 20, 2021, Plaintiff submitted a Step I grievance against Defendants, asserting that they were retaliating against him for refusing to be an informant and not dismissing his October 5 grievance against Defendant Goostrey.   (ECF No. 35-3 at PageID.172). Assistant Deputy Warden (ADW) Kevin Brege, a member of the SCC reviewing the incident, averred that, during the grievance appeal process, Plaintiff chose to remain in

segregation despite being given the option to return to general population pending his transfer.   (ECF No. 60-8 at PageID.380).   The SCC permitted Plaintiff to remain in segregation until his transfer.   (*Id.*).   Thus, Defendants have demonstrated that Plaintiff was placed and remained in segregation for reasons not involving Defendants.

Plaintiff's arguments in response to Defendants' motion do not address the question of causation, and Plaintiff's unsupported conclusions in opposition of Defendants' motion do not advance his position.   Ultimately, Plaintiff has failed to present evidence demonstrating the existence of a genuine factual dispute on the question of causation.

In sum, the record does not support a finding that Defendants retaliated against Plaintiff.   Rather, the record demonstrates that Plaintiff was placed in segregation and remained there for reasons not involving Defendants: the October 5 grievance was resolved months before Plaintiff was sent to segregation for fighting on December 8, and Plaintiff opted to remain in segregation pending his transfer.   Defendants have demonstrated that Plaintiff would have remained in segregation in the absence of any protected activity because they were uninvolved in the circumstances leading to his placement and stay in segregation.   *See Maben*, 887 F.3d at 267.   In other words, Defendants were not "a 'but-for' cause" of Plaintiff remaining in segregation.   *See Nieves*, 587 U.S. at 399.

Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on Plaintiff's remaining retaliation claims.

**2.    State Law Claims**

As noted above, Plaintiff asserts state law claims against Defendants.   Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction."   Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well."   *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same).   For the reasons articulated herein, the undersigned recommends that Plaintiff's remaining federal law claims be dismissed.   Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that Defendants' Motion for Summary Judgment (ECF No. 59) be granted and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S.

438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: January 22, 2026                          /s/ Phillip J. Green                         
                                                             PHILLIP J. GREEN
                                                             United States Magistrate Judge